IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANYA ANGLIN, ) | |
| JOHNNIE THETFORD, ) | |
| JOHNNY "CHICO" MATT, and ) | |
| HERB SIMMONS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 03-cv-0846-MJR |
| ) | |
| VILLAGE OF WASHINGTON PARK, ) | |
| CHARLES BYRD, ) | |
| JAMES JONES, ) | |
| WILLIE RUSH, ) | |
| JOYCE SMITH, ) | |
| JOHN THORTON, and ) | |
| LEO McNATT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On December 12, 2003, Plaintiffs filed suit in this Court against Defendants Village of Washington Park and members of the board of trustees for the Village of Washington Park, Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt. On August 17, 2004, the Court entered an order staying this matter *only* as to the Village of Washington Park pursuant to **11 U.S.C. 362(a)(1)** (Doc. 18). The action was not stayed as to the members of the board of trustees for the Village, Byrd, Jones, Rush, Smith, Thorton and McNatt (hereinafter "Defendants"). Thereafter, Plaintiffs filed an amended complaint on December 13, 2004 (Doc. 29). This matter is set for jury trial on Monday, May 9, 2005.

Now before the Court is Plaintiffs' "Motion to Stay Proceedings" Doc. 47. The motion, filed on March 28, 2005, requests that this Court stay this matter as Plaintiffs are unable to depose Village of Washington Park Mayor Sherman Sorrell, whom Plaintiffs claim possesses knowledge and evidence that would substantiate their claims against Defendants. Plaintiffs state they were unable to depose Sorrell as United States Magistrate Judge Clifford J. Proud granted a motion to quash his deposition holding: (1) the deposition was out of time as it was past the discovery deadline herein; and (2) that in so far as the testimony sought from Sorrell related to his capacity as mayor, allowing the deposition to be held would violate the stay of proceedings as to the Village of Washington Park (Doc. 36). Plaintiffs argue that they will suffer great prejudice and irreparable harm unless the Court exercises its powers to stay proceedings against all Defendants herein.

Defendants responded in opposition to the motion to stay at Docs. 45 and 54. Defendants argue that the motion to stay should be denied as Plaintiffs are unable to show a clear case of hardship and inequity justifying a stay herein. This Court agrees with Defendants.

In considering a motion to stay, a court should consider the following factors: (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. ***Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D.Wis. 2001).** The burden is on the moving party to demonstrate that a stay is warranted. ***Radio Corp. of Am. V. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955).** The Court finds that Plaintiffs have not met their burden.

Plaintiffs claim that they will suffer hardship and inequity in not being able to depose Sorrell or other Village of Washington Park officials. However, Plaintiffs have not provided this

Court with any explanation as to why they were unable to notice Sorrell for a deposition until after the discovery deadline had passed – which was one basis on which Magistrate Judge Proud quashed Sorrell's deposition. *See* Doc. 36. The discovery deadline was January 14, 2005, yet Plaintiffs set his deposition for February 17, 2005, with one-day notice (Doc. 36).[1] Plaintiffs' failure to conduct discovery in this matter is not a basis for this Court to stay this action. As well, the Court notes that Plaintiffs argue that they need to "preserve" Sorrell's testimony, yet Plaintiffs offer no explanation as for why they preceive Sorrell is likely to become unavailable in the future.

Additionally, Plaintiffs assert that without the deposition of Sorrell, or other Village officers, they cannot respond to Defendants' motion for summary judgment. Yet the Court notes that Plaintiffs have filed a response to Defendants' motion for summary judgment at Doc. 38, and at no time did Plaintiffs move for an extension of time to respond to Defendants' motion for summary judgment.

Moreover, the Court finds that Defendants would be prejudiced by a late stay in this matter. Plaintiffs moved for a stay of this matter just a little more than a month before trial is set to commence. If the Court stays this matter, Defendants will be burdened by prolonging the litigation against them and being subjected to further discovery after the stay is lifted. ***Cf. Johnson v. Methodist Med. Center of Ill.*, 10 F.3d 1300 (7th Cir. 1993); *Cleveland v. Porca Co.*, 38 F.3d 289 (7th Cir. 1994).** The Court interprets this motion to stay as another attempt by Plaintiffs to amend the discovery and scheduling order, a motion which was already denied by this Court as Plaintiffs failed to show good cause for extending the deadlines herein. *See* Doc. 22.

---

[1] This is especially difficult for the Court to understand as Sorrell is the father of Plaintiff Tanya Anglin. The Court does not understand how Plaintiffs would have difficulty locating Sorrell to notice him for a deposition prior to the discovery deadline passing.

Therefore, the Court finds that the potential prejudice to Defendants if this matter is stayed outweighs any hardship and inequity Plaintiffs may suffer, if at all, if a stay is not entered. As well, judicial economy would be served by not prolonging this litigation against Defendants any further.  Accordingly, the Court **DENIES** Plaintiffs' "Motion to Stay Proceedings" (Doc. 47).

**IT IS SO ORDERED.**

**DATED this 21st day of April, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
