### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TANYA ANGLIN, | ) | |
| JOHNNIE THETFORD, | ) | |
| JOHNNY "CHICO" MATT, and | ) | |
| HERB SIMMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 03-cv-0846-MJR |
| | ) | |
| VILLAGE OF WASHINGTON PARK, | ) | |
| CHARLES BYRD, | ) | |
| JAMES JONES, | ) | |
| WILLIE RUSH, | ) | |
| JOYCE SMITH, | ) | |
| JOHN THORTON, and | ) | |
| LEO McNATT, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On December 12, 2003, Plaintiffs filed suit in this Court against Defendants Village

of Washington Park and members of the board of trustees for the Village of Washington Park,

Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt.  On August

17, 2004, the Court entered an order staying this matter *only* as to the Village of Washington Park

pursuant to **11 U.S.C. 362(a)(1)** (Doc. 18).  The action was not stayed as to the members of the

board of trustees for the Village of Washington Park, Byrd, Jones, Rush, Smith, Thorton and

McNatt.  Thereafter, Plaintiffs filed an amended complaint on December 13, 2004, adding Henry

Newell and Anthony Nesbitt, individually and as members of the board of trustees for the Village

of Washington Park, as Defendants.[1]

Now before the Court is Defendants Byrd, Jones, Smith, Thornton and McNatt's (hereinafter Defendants) "Motion to Dismiss and/or Strike All or Portions of Plaintiffs' Amended Complaint" (Doc. 31) and memorandum in support (Doc. 32).  Plaintiffs responded in opposition at Doc. 37, which Defendants replied to at Doc. 39.  This matter being fully briefed, the Court begins its analysis with a brief recitation of the key facts and procedural history.

**Factual Background and Procedural History**

Sherman Sorell was President of the Village of Washington Park when he made various appointments to positions within the Village.  On May 6, 2003, Sorrell appointed Plaintiff Johnny "Chico" Matt as Director of Police and Public Safety for the Village of Washington Park for a term of twenty-three months.  Matt had been employed as a police officer by the Village of Washington Park for over thirty years.  Sorell also appointed Plaintiff Tanya Anglin as an administrative aid and Plaintiff Johnny Thedford as Street Superintendent for the Village of Washington Park.  As well, the complaint states that Plaintiff Herb Simmons was employed as a police officer by the Village of Washington Park for more than twenty years.  He had the greatest seniority amongst the Village of Washington Park's part-time police officers.

On or about May 13, 2003, Plaintiffs state that Defendants abolished the Office of Public Safety Director and reassigned Matt as a patrolman/police officer for the Village of Washington Park.  Plaintiffs also allege that Defendants attempted to terminate Anglin and Thedford.  As well, Plaintiffs allege that Defendants laid-off all part time police officers, later

---

[1]   The Court notes that Newell and Nesbitt were added as Defendants without leave of court, an issue that will be addressed later in this Order.

rehiring nearly all of those officers except for Simmons.

Plaintiffs allege that Matt's position was abolished and Anglin and Thedford were terminated in retaliation for their political allegiance and for Matt and Simmons' attempts to enforce the law with respect to Defendants and their relatives.   Plaintiffs further allege that **65 ILCS 5/10** provides that the power to appoint, discipline and demote is granted to Sorrell as President of the Village, and Sorrell never demoted Matt, Anglin or Thedford.

On December 12, 2003, Plaintiffs filed their original complaint against the Village of Washington Park and Defendants (Doc. 1).   In their complaint, Plaintiffs specified that jurisdiction was premised upon **28 U.S.C. 1331**, relative to a "federal question," and **28 U.S.C. 1983** (however the Court is certain, as United States Magistrate Judge Clifford J. Proud stated in his December 14, 2004 Order, that Plaintiffs meant to cite **42 U.S.C. 1983**, which provides a cause of action for the deprivation of constitutional rights by one acting under color of law).   The complaint referred to: discrimination based on race and/or political affiliation; due process relative to the stopping of payment to Plaintiffs, appointments, discharge, reinstatement and wages; and retaliation for political allegiance and the filing of action in state court.   The complaint also alleged: "The actions of the defendants violate due process, the discharge of each plaintiff constitutes retaliatory discharge under state law, and resulted in the violation of various federal and state laws concerning equal pay as well as violates contracts of employment with plaintiffs."

Defendants moved for a more definite statement delineating Plaintiffs' federal and state claims against the various Defendants (Docs. 15, 16 and 20).   Thereafter, instead of ordering Plaintiffs to file a definite statement, Magistrate Judge Proud ordered Plaintiffs to file an amended complaint to clarify "what federal and state claims, if any, the plaintiffs desire to assert."  Doc. 28,

p. 4.

Plaintiffs then filed their ten-count amended complaint on January 3, 2005 (Doc. 29). The amended complaint added Henry Newell and Anthony Nesbitt, individually and as members of the board of trustees for the Village of Washington Park, as Defendants.

Count One is a claim by Matt against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for "unfair labor practices" pursuant to **5 ILCS 315/10**. Count Two is a claim by Matt against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**. Count Three is a claim by Matt against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on race pursuant to **42 U.S.C. 1983**.

Count Four is a claim by Anglin against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for unfair labor practices pursuant to **5 ILCS 315/10**. Count Five is a claim by Anglin against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**.

Count Six is a claim by Thedford against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for unfair labor practices pursuant to **5 ILCS 315/10**. Count Seven is a claim by Thedford against the Village of Washington Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**.

Count Eight is a claim by Simmons against the Village of Washington Park, Byrd,

Jones, Smith, Thornton, McNatt, Newell and Nesbitt for unfair labor practices pursuant to **5 ILCS**

**315/10**.  Count Nine is a claim by Simmons against the Village of Washington Park, Byrd, Jones,

Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on political affiliation

pursuant to **42 U.S.C. 1983**.  Count Ten is a claim by Simmons against the Village of Washington

Park, Byrd, Jones, Smith, Thornton, McNatt, Newell and Nesbitt for disparate treatment based on

race pursuant to **42 U.S.C. 1983**.

## Analysis

Defendants argue: (1) the amended complaint should be dismissed as it includes

numerous allegations against the Village of Washington Park, which violates this Court's Order

entering a stay as to the Village of Washington Park; (2) the amended complaint should be dismissed

as it adds two additional Defendants without leave of the Court; (3) that Counts One, Four, Six and

Eight should be dismissed as the Court lacks subject matter jurisdiction over them; and (4) that

certain allegations in the amended complaint should be stricken as immaterial and scandalous.  The

Court will address each argument in turn.

**1.  Whether Plaintiffs' amended complaint should be dismissed as it violates the automatic stay
against the Village of Washington Park and the Court's December 14, 2004 Order by
including the Village of Washington Park as a Defendant.**

On August 17, 2004, pursuant to **11 U.S.C. 362(a)(1)**, the Court entered an Order

staying all proceedings herein only as to Village of Washington Park (Doc. 18).  Thereafter, on

December 14, 2004, Magistrate Judge Proud directed Plaintiffs to file an amended complaint.[2]

Plaintiffs did so, and included claims against the Village of Washington Park.

---

[2]     The Court notes that Magistrate Judge Proud's Order directed Plaintiffs to file their
amended complaint on or before January 1, 2005 (Doc. 28).  However, the amended
complaint was not filed until January 3, 2005 (Doc. 29).

The Court agrees with Defendants in that actions taken in violation of an automatic stay are void. *See Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, **250 F.3d 1077, 1082 (7th Cir. 2001).**  As such, Plaintiffs' allegations in the amended complaint as to the Village of Washington Park are void as the amended complaint was filed after the stay was entered.  The original complaint filed on December 12, 2003 is the operating complaint against the Village of Washington Park (Doc. 1).  Accordingly, the Court **STRIKES** any claims in the amended complaint as to the Village of Washington Park.  Plaintiffs may seek leave to file an amended complaint against the Village of Washington Park *once* the stay is lifted.

Defendants further argue that by including claims against the Village of Washington Park, Plaintiffs violated Magistrate Judge Proud's December 14, 2004 Order directing Plaintiffs to file an amended complaint, and consequently, the amended complaint should be dismissed in its entirety pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)**.  Defendants state that as Magistrate Judge Proud did not include the Village of Washington Park in his Order, Plaintiffs cannot use his directive as a basis to file an amended complaint against the Village of Washington Park.

Rule 41(b) allows a defendant to move for dismissal of an action against him due to a "failure of the plaintiff to ... comply with these rules or any order of court."  The Court finds that dismissing the complaint in its entirety would be a harsh sanction for Plaintiffs' errors.  As the United States Court of Appeals for the Seventh Circuit has stated, dismissal under Rule 41(b) is a "draconian sanction" that should be "reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Downs v. Westphal*, **78 F.3d 1252, 1256 (7th Cir. 1996;** *see also Marrocco v. General Motors Corp.*, **966 F.2d 220, 223-24 (7th Cir. 1992).**  "Absent

[these] circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions." ***Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000).**

Plaintiffs state in their response that they included their claims against the Village of Washington Park out of an abundance of caution so that this Court would not treat the Village of Washington Park as having been dropped from the suit. *See* Doc. 37, p. 2. While the Court understands Plaintiffs concerns, nonetheless, they were wrong to reassert claims against the Village of Washington Park in light of the Court's stay. As stated above, the original complaint stands as to the Village of Washington Park. However, this error by Plaintiffs is not such that requires dismissal of the complaint. Defendants have not demonstrated such wilfulness or bad faith on Plaintiffs' part so as to require the severe remedy of dismissal. Accordingly, the Court **DENIES** Defendants' requests for dismissal of the amended complaint pursuant to Rule 41(b) on the basis that Plaintiffs included allegations against the Village of Washington Park.

**2. Whether Plaintiffs' amended complaint should be dismissed because Plaintiffs added Henry Newell and Anthony Nesbitt as Defendants without leave of the Court.**

Defendants also argue that the amended complaint should be dismissed in its entirety pursuant to Rule 41(b) because Plaintiffs added Henry Newell and Anthony Nesbitt as Defendants without leave of court and in violation of Magistrate Judge Proud's December 14th Order. Defendants are correct in that **FEDERAL RULE OF CIVIL PROCEDURE 15(a)** provides that once a responsive pleading has been served, as is in the case at bar, a party may amend its pleading only by leave of court or by written consent of the adverse party. Defendants are also correct in that Magistrate Judge Proud's Order cautioned Plaintiffs' that they "*should not* construe this as a blanket grant of leave to amend the complaint; the court merely desires the complaint to be redrafted to cure the confusion created by paragraph 15 and the apparent conflict in referencing state law claims, but

only federal jurisdiction and remedies." Doc. 28, p. 4.

Accordingly, the Court **DISMISSES** *without prejudice* any claims in the amended

complaint as to Defendants Henry Newell and Anthony Nesbitt.  Should Plaintiffs wish to bring

claims against these two parties, Plaintiffs should go through the proper channels of filing a motion

for leave to amend stating why amendment is warranted at this late stage of the proceedings.  The

Court cautions Plaintiffs that if they move for leave to file an amended complaint, they should

follow the appropriate procedures concerning the proposed second amended complaint.

Again, the Court **DENIES** Defendants' request to dismiss the complaint in its entirety

pursuant to Rule 41(b) as it finds that dismissal would be a severe, unnecessary sanction as detailed

previously.  However, the Court warns Plaintiffs that it will not be so forgiving if *another* error or

violation of a Court Order is made and is brought to this Court's attention by Defendants in a motion

to dismiss pursuant to Rule 41(b).

**3.  Whether Counts One, Four and Six of Plaintiffs' amended complaint should be dismissed for lack of subject matter jurisdiction.**

Defendants argue that Counts One, Four and Six of Plaintiffs' amended complaint,

alleging unfair labor practices pursuant to the Illinois Public Labor Relations Act (IPLRA), **5 ILCS**

**315/10**, should be dismissed under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** as the Illinois

Labor Relations Board has exclusive jurisdiction over claims brought under IPLRA.  The Court

agrees with Defendants.[3]

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule

---

[3]     The Court notes that Plaintiffs do not address in their response to Defendants' motion, Defendants' arguments that Counts One, Four and Six of the amended complaint should be dismissed as the Illinois Labor Relations Board has exclusive jurisdiction over clams brought under IPLRA.

12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, **66 F.3d 894, 897 (7th Cir. 1995),** *citing Rueth v. United States Environmental Protection Agency*, **13 F.3d 227, 229 (7th Cir. 1993).** "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, **999 F.2d 188, 191 (7th Cir. 1993)(per curiam),** *quoting Grafon Corp. v. Hausermann*, **602 F.2d 781, 783 (7th Cir. 1979);** *see also Rennie v. Garrett*, **896 F.2d 1057, 1057-58 (7th Cir. 1990).**

IPLRA, **5 ILCS 315/1** *et seq.*, governs unfair labor practices in Illinois.  The purpose of IPLRA is to "regulate labor relations between public employers and employees, including the designation of employee representatives, negotiation of wages, hours and other conditions of employment, and resolution of disputes arising under collective-bargaining agreements." **5 ILCS 315/2.**  ILPRA prohibits employers and labor organizations from engaging in unfair labor practices which are set out in the act. *See* **5 ILCS 315/10.**  Specific procedures for resolving claims of unfair labor practices are provided for in ILPRA. *See* **5 ILCS 315/11.**  For instance, ILPRA provides that unfair labor practice charges are to be filed with the Illinois Labor Relations Board (the Board) and details procedures by which the Board is to handle unfair labor charges, including investigation, receipt of evidence and disposition of charges. **5 ILCS 315/11(e).**  As such, the Seventh Circuit has stated that Illinois state employees' claims of unfair labor practices under ILPRA fall within the exclusive jurisdiction of the Board, not courts. *Carver v. Nall*, **172 F.3d 513, 516 (7th Cir. 1999),** *citing Stahulak v. City of Chicago,* **684 N.E.2d 907, 911 (Ill. 1997**).

In the case at bar, Plaintiffs do not allege they have filed a claim with the Board

pertaining to their various charges under ILPRA.  As ILPRA mandates that employees seeking to

sue their employers under ILPRA must follow the regulatory scheme established therein, this Court

lacks jurisdiction over Plaintiffs' unfair labor claims.  Consequently, the Court **DISMISSES** for lack

of subject matter jurisdiction Counts One, Four, Six and Eight of the amended complaint.

**4.  Whether Plaintiffs  make references to "stray theories" of recovery throughout each count of the amended complaint that warrant being stricken as immaterial and scandalous.**

Defendants argue that Counts Two, Three, Five, Seven, Nine and Ten, all asserting

violations of Plaintiffs' civil rights based on political affiliation and/or race pursuant to Section

1983, include vague and unsupported allegations of retaliatory discharge, violations of equal pay

based upon political affiliation and/or race, and breach of employment contracts.  Defendants claim

that these allegations are completely unrelated to the claims Plaintiffs are attempting to establish in

their amended complaint, and as such, should be stricken.

FEDERAL RULE OF CIVIL PROCEDURE 12(f) gives courts discretion to strike

allegations in a complaint that are "immaterial, impertinent, or scandalous."   Such motions,

however, are "not favored" and are usually denied as they will only be granted where the allegations

have "no relation to the controversy and [are] unduly prejudicial."  *Spearman Indus., Inc. v. St.*

*Paul Fire & Marine Ins. Co.*, **109 F.Supp.2d 905, 907 (N.D. Ill. 2000).**  Allegations are

"immaterial" for purpose of Rule 12(f) only if they have "no essential ... relationship to the

claim[s]."  *NOW, Inc. v. Scheidler*, **897 F.Supp. 1047, 1087 n. 28 (N.D.Ill. 1995).**  When

determining whether an allegation is immaterial the court must consider whether the facts alleged

"possib[ly] ... form the basis for admissible evidence." *Id.  See also Sutton Place Dev. Co. v. Green*,

**1987 WL 5951, at \*1 (N.D.Ill. 1987)(allegations are only immaterial if they "have no possible**

**bearing on the issues at trial").**  A "scandalous" allegation is one which "unnecessarily reflects

upon the moral character" of the defendant. *Id.*

The burden to meet the above strong showing is on the movant, who must specifically explain why the paragraphs are repetitive, immaterial, or scandalous. *Id.*  With the above standards in mind, the Court finds that Defendants have not met this burden.  First off, Defendants have not stated which specific paragraphs of the amended complaint they want stricken.  It is not the responsibility of the Court to sift through the amended complaint and determine what specific paragraphs are repetitive, immaterial or scandalous.   Further, the Court notes that the allegations Defendants refer to generally, could possibly be construed as relevant in that they may provide evidentiary support for Plaintiffs' claims.  However, without specific paragraphs of the amended complaint to turn to, the Court cannot ascertain whether the allegations are relevant.  Accordingly, the Court **DENIES** Defendants' motion to strike pursuant to Rule 12(f).

## Conclusion

The Court hereby **GRANTS** *in part* and **DENIES** *in part* Defendants' "Motion to Dismiss and/or Strike All or Portions of Plaintiffs' Amended Complaint" (Doc. 32).

The motion is **GRANTED** *in part* in that the Court: (1) **STRIKES** all claims in the amended complaint against the Village of Washington Park; (2) **DISMISSES** *without prejudice* all claims against Defendants Henry Newell and Anthony Nesbitt as they were added to the amended complaint without leave of the Court; and (3) **DISMISSES** Counts One, Four, Six and Eight of the amended complaint for lack of subject matter jurisdiction.  As a result, Counts Two, Three, Five, Seven, Nine and Ten remain.

The motion is **DENIED** *in part* in that the Court: (1) denies Defendants' request to dismiss the amended complaint in its entirety pursuant to Rule 41(b) on the basis that Plaintiffs

included allegations against the Village of Washington Park; (2) denies Defendants' request to dismiss the complaint in its entirety pursuant to Rule 41(b) on the basis that Plaintiffs included additional claims against new Defendants without leave of the Court; and (3) denies Defendants' motion to strike pursuant to Rule 12(f).

**IT IS SO ORDERED.**

**DATED this 21st day of April, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**