## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TANYA ANGLIN,<br>JOHNNIE THETFORD,<br>JOHNNY "CHICO" MATT, and<br>HERB SIMMONS, | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 03-cv-0846-MJR** |
| VILLAGE OF WASHINGTON PARK,<br>CHARLES BYRD,<br>JAMES JONES,<br>WILLIE RUSH,<br>JOYCE SMITH,<br>JOHN THORTON, and<br>LEO McNATT, | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### <u>MEMORANDUM and ORDER</u>

**REAGAN, District Judge:**

On December 12, 2003, Plaintiffs filed suit in this Court against Defendants Village of Washington Park and members of the board of trustees for the Village of Washington Park, Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt.  On August 17, 2004, the Court entered an order staying this matter *only* as to the Village of Washington Park pursuant to **11 U.S.C. 362(a)(1)** (Doc. 18).  The action was not stayed as to the members of the board of trustees for the Village, Byrd, Jones, Rush, Smith, Thorton and McNatt (hereinafter "Defendants").  Thereafter, Plaintiffs filed an amended complaint on December 13, 2004 (Doc. 29). This matter is set for jury trial on Monday, May 9, 2005.

Now before the Court is Defendants' "Motion for Summary Judgment or in the Alternative to Dismiss for Failure to Prosecute" (Doc. 33) and memorandum in support (Doc. 34). Plaintiffs responded in opposition at Doc. 38, which Defendants replied to at Doc. 41. This matter being fully briefed, the Court begins its analysis with a brief recitation of the key facts and procedural history.

## Factual Background and Procedural History

Sherman Sorrell was President of the Village of Washington Park when he made various appointments to positions within the Village. On May 6, 2003, Sorrell appointed Plaintiff Johnny "Chico" Matt as Director of Police and Public Safety for the Village of Washington Park for a term of twenty-three months. Matt had been employed as a police officer by the Village of Washington Park for over thirty years. Sorrell also appointed Plaintiff Tanya Anglin as an administrative aid and Plaintiff Johnny Thetford as Street Superintendent for the Village of Washington Park. As well, the complaint states that Plaintiff Herb Simmons was employed as a police officer by the Village of Washington Park for more than twenty years. He had the greatest seniority amongst the Village of Washington Park's part-time police officers.

On or about May 13, 2003, Plaintiffs state that Defendants abolished the Office of Public Safety Director and reassigned Matt as a patrolman/police officer for the Village of Washington Park. Plaintiffs also allege that Defendants attempted to terminate Anglin and Thetford. As well, Plaintiffs allege that Defendants laid-off all part time police officers, later rehiring nearly all of those officers except for Simmons.

Plaintiffs allege that Matt's position was abolished and Anglin and Thetford were terminated in retaliation for their political allegiance and for Matt and Simmons' attempts to enforce

the law with respect to Defendants and their relatives.  Plaintiffs further allege that **65 ILCS 5/10** provides that the power to appoint, discipline and demote is granted to Sorrell as President of the Village, and Sorrell never demoted Matt, Anglin or Thetford.

On December 12, 2003, Plaintiffs filed their original complaint against the Village of Washington Park and Defendants (Doc. 1).  In their complaint, Plaintiffs specified that jurisdiction was premised upon **28 U.S.C. 1331**, relative to a "federal question," and **28 U.S.C. 1983** (however the Court is certain, as United States Magistrate Judge Clifford J. Proud stated in his December 14, 2004 Order, that Plaintiffs meant to cite **42 U.S.C. 1983**, which provides a cause of action for the deprivation of constitutional rights by one acting under color of law).  The complaint referred to: discrimination based on race and/or political affiliation; due process relative to the stopping of payment to Plaintiffs, appointments, discharge, reinstatement and wages; and retaliation for political allegiance and the filing of action in state court.  The complaint also alleged: "The actions of the defendants violate due process, the discharge of each plaintiff constitutes retaliatory discharge under state law, and resulted in the violation of various federal and state laws concerning equal pay as well as violates contracts of employment with plaintiffs."

Defendants moved for a more definite statement delineating Plaintiffs' federal and state claims against the various Defendants (Docs. 15, 16 and 20).  Thereafter, instead of ordering Plaintiffs to file a definite statement, Magistrate Judge Proud ordered Plaintiffs to file an amended complaint to clarify "what federal and state claims, if any, the plaintiffs desire to assert."  Doc. 28, p. 4.

Plaintiffs then filed their ten-count amended complaint on January 3, 2005 (Doc. 29). The amended complaint added Henry Newell and Anthony Nesbitt, individually and as members

of the board of trustees for the Village of Washington Park, as Defendants.  Defendants then moved to dismiss the amended complaint arguing: (1) the amended complaint should be dismissed as it includes numerous allegations against the Village of Washington Park, which violates this Court's Order entering a stay as to the Village of Washington Park; (2) the amended complaint should be dismissed as it adds two additional Defendants without leave of the Court; (3) that Counts One, Four, Six and Eight should be dismissed as the Court lacked subject matter jurisdiction over them; and (4) that certain allegations in the amended complaint should be stricken as immaterial and scandalous (Doc. 32).  The motion was granted in part in that the Court: (1) struck all claims in the amended complaint against the Village of Washington Park; (2) dismissed without prejudice all claims against Defendants Henry Newell and Anthony Nesbitt as they were added to the amended complaint without leave of the Court; and (3) dismissed Counts One, Four, Six and Eight of the amended complaint for lack of subject matter jurisdiction (Doc. 57).  The motion was denied in that the Court choose not to dismiss the complaint in its entirety pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)** at that time, and denied Defendants' motion to strike pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)**.

In light of the Court's April 21, 2005 Order, the following counts remain in the amended complaint: Count Two by Matt against Byrd, Jones, Smith, Thornton, and McNatt for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**; Count Three by Matt against Byrd, Jones, Smith, Thornton, and McNatt for disparate treatment based on race pursuant to **42 U.S.C. 1983**; Count Five by Anglin against Park, Byrd, Jones, Smith, Thornton, and McNatt for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**; Count Seven by Thetford against Byrd, Jones, Smith, Thornton, and McNatt for disparate treatment based on

political affiliation pursuant to **42 U.S.C. 1983**; Count Nine by Simmons against Byrd, Jones, Smith, Thornton, and McNatt, for disparate treatment based on political affiliation pursuant to **42 U.S.C. 1983**; Count Ten by Simmons against Byrd, Jones, Smith, Thornton, and McNatt for disparate treatment based on race pursuant to **42 U.S.C. 1983**.

   Defendants then filed this motion for summary judgment or in the alternative, motion to dismiss for failure to prosecute (Doc. 34). Defendants argue: (1) that summary judgment should be granted in their favor as Plaintiffs have failed to produce evidence supporting essential elements of all of their claims; and (2) Plaintiffs' amended complaint should be dismissed with prejudice for failure to prosecute pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)**. The Court will address each argument in turn.

<u>**Analysis of Motion for Summary Judgement**</u>

**1. Standard governing summary judgment**.

   Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. ***Vukadinovich v. Board of School Trustees of North Newton School Corp.*, 278 F.3d 693, 698 (7th Cir. 2002).** The Court is to view the record "in the light most favorable to the non-moving party." ***Dyrek v. Garvey,* 334 F.3d 590 (7th Cir 2003),** *citing* **FEDERAL RULE OF CIVIL PROCEDURE 56(c)**.

   The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. ***Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986); *Salvadori v. Franklin School District,* 293 F.3d 989, 996 (7th Cir. 2002).** Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence in rebuttal. ***Salvadori,* 293**

F.3d at 996, *citing Vukadinovich*, 278 F.3d at 699.

**2. Whether summary judgment should be granted as to Plaintiffs' 42 U.S.C. 1983 claims based upon race.**

In Counts Three and Ten, Matt and Simmons, respectively, allege claims of disparate treatment by Defendants based upon their race[1] pursuant to **42 U.S.C. 1983**.[2] Plaintiffs may establish their Section 1983 claims either directly or indirectly. ***McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973).** To establish their claims directly, Plaintiffs must put forth direct or circumstantial evidence raising a genuine issue as to Defendants' discriminatory intent in carrying out the challenged employment actions. ***Id.*** Plaintiffs must show either an acknowledgment of discriminatory intent by Defendants or circumstantial evidence that provides the basis of an intentional discrimination. ***Huff v. Uarco, Inc.*, 122 F.3d 374, 380 (7th Cir. 1997).**

The other method available to Plaintiffs is to establish their claims indirectly by establishing the following elements of a prima facie case of race discrimination: (1) that they belong to a protected class; (2) they were meeting Defendants' performance expectations; (3) they suffered an adverse employment action; and (4) Defendants treated similarly situated persons not in the protected class more favorably. ***McDonnell-Douglas Corp. v. Green*, 411 U.S. at 802-803. *See also Perdomo v. Browner*, 67 F.3d 140, 144 (7th Cir. 1995).** Once the prima facie case is established, the burden of production shifts to Defendants to articulate a legitimate,

---

[1]    The Court notes that nowhere in their amended complaint do Plaintiffs allege the race of any of the parties herein.

[2]    Defendants wrongly assert in their motion for summary judgment that it was Matt and Thetford that allege claims of disparate treatment by Defendants based upon their race. Thetford makes no such claim in the amended complaint.

nondiscriminatory reason for its actions.  *Id.*  The burden of persuasion remains with Plaintiffs at all times.  ***St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).**  If Defendants articulate a nondiscriminatory reason, they have satisfied their burden and Plaintiffs must then establish that Defendants' reasons were pretextual.  *Id.*

   In their response to Defendants' motion for summary judgment, Plaintiffs only argue that their claims for race discrimination are viable under the direct method.  The Court assumes Plaintiffs do this as it is not possible based on the record before the Court for Plaintiffs to establish their claims via the indirect method.  This is so as Plaintiffs fail to allege that either Matt or Simmons are members of a protected class, as well as failing to allege that either Matt or Simmons met Defendants' performance expectations.  Additionally, the Court finds there is no evidence in the record before it that Defendants treated individuals similarly situated to Matt and Simmons more favorably.  Therefore, the Court will address Matt and Simmons' race discrimination claims under the direct method separately.

   Turning to the direct method as to Matt's race discrimination claim, Plaintiffs simply argue that Matt's race discrimination claim should survive as Matt alleges "a discrepancy in wages between Johnnie Matt and other [Chiefs] ... based upon political affiliation and/or race" in Plaintiffs' amended complaint.  Doc. 38, p. 5.  However, this is far from sufficient to survive a summary judgment motion.  Plaintiffs must point to specific facts in the record that demonstrate a genuine issue of material fact exists for trial.  ***See Celotex Corp. v. Catratt*, 477 U.S. 317, 324 (1986)(stating that a summary judgment motion "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'").**  Plaintiffs'

assertion that such an allegation is provable at trial by comparing the average compensation of African-American police chiefs in the Village of Washington Park with the compensation paid to Matt, is the type of evidence that *should* have been made part of the record so as to survive this motion.  Without it, all that is before the Court are *allegations*, not specific facts in the record.

As such, the Court finds that the record before it is completely devoid of any evidence supporting the availability of the direct method to Matt's claim.  Plaintiffs have failed to submit any evidence – no depositions, interrogatory answers, admissions, affidavits, etc. – in support of their allegations to show that a genuine issue of material fact exists as to Matt's race discrimination claim. There is no "smoking gun" demonstrating discriminatory intent on behalf of Defendants as to Matt, and no circumstantial evidence to show that Defendants were engaged in a plot to discriminate against Matt.  ***Cf. Huff*, 122 F.3d at 380.**  Consequently, the Court finds that summary judgment should be granted in favor of Defendants as to Count Three of Plaintiffs' amended complaint.

As to the direct method regarding Simmons' race discrimination claim, Plaintiffs again fail to demonstrate a genuine issue of material fact so as to survive summary judgment. Plaintiffs simply rest on their allegations in their amended complaint that "other part-time officers who were laid-off were re-hired by the Village despite having less tenure."  Doc. 38, p. 5. Allegations are not sufficient to survive summary judgment.  ***See Celotex*, 477 U.S. at 324.**  There needs to be factual support in the record as to Plaintiffs' allegations regarding the rehiring practices, or other such evidence, and none exists. ***Cf. Jordan v. Wal-Mart Stores, Inc.*, 332 F.Supp.2d 1172, 1179 (C.D. Ill. 2004)("a plaintiff cannot defeat summary judgment through bald, conclusory allegations that are nothing more than self-serving allegations without factual support in the**

record").  Plaintiffs have failed to submit any evidence – no depositions, interrogatory answers, admissions, affidavits, etc. – in support of their allegations to show that a genuine issue of material fact exists.  Consequently, the Court finds that the record before it is completely devoid of any evidence supporting the availability of the direct method as to Simmons' race discrimination claim: there is no "smoking gun" demonstrating discriminatory intent on behalf of Defendants as to Simmons, and no circumstantial evidence to show that Defendants were engaged in a plot to discriminate against Simmons.  *Cf. Huff*, **122 F.3d at 380.**  As a result, the Court finds that summary judgment should be granted in favor of Defendants as to Count Ten of Plaintiffs' amended complaint.

**3. Whether summary judgment should be granted as to Plaintiffs' 42 U.S.C. 1983 claims based upon political affiliation.**

Defendants assert they are entitled to summary judgment as to the Section 1983 claims based upon political affiliation brought by Matt in Count Two, Anglin in Count Five, Thetford in Count Seven, and Simmons in Count Nine.  Defendants argue that nothing in the record exists establishing that any of the Plaintiffs have a prima facie case for politically motivated discharge.  The Court agrees with Defendants.

It is well established that hiring, firing, or transferring government employees based on political motivation violates the First Amendment, with certain exceptions for policymaking positions and for employees having a confidential relationship with a superior. *See Rutan v. Republican Party of Ill.*, **497 U.S. 62, 65 and 71 n. 5,(1990);**  *Elrod v. Burns*, **427 U.S. 347, 367 (1976).**  To make out a prima facie case for this type of employment discrimination, a plaintiff must show two things: (1) that the plaintiff's conduct was constitutionally protected; and (2) that the protected conduct was a substantial or motivating factor in the employment decision.  *Simmons v.*

***Chi. Bd. of Educ.*, 289 F.3d 488, 495 (7th Cir. 2002);** ***Nelms v. Modisett*, 153 F.3d 815, 818 (7th Cir. 1998);** ***see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).** It is not enough to show only that the plaintiff was of a different political persuasion than the decision-makers or the successful applicant. ***See Nelms*, 153 F.3d at 818.** If a plaintiff can make the prima facie showing, the burden shifts to the defendant to demonstrate a legitimate, nonpolitical reason for the employment decision. ***Simmons*, 289 F.3d at 495;** ***Nelms*, 153 F.3d at 818.**

Plaintiffs assert that it was their political affiliation with Sorrell, a political affiliation that constitutes constitutionally protected conduct, that was a substantial or motivating factor in all of their terminations. Defendants do not disagree that Plaintiffs took part in constitutionally protected conduct. Instead, Defendants argue that Plaintiffs have not demonstrated the second element of the prima facie case for a politically motivated discharge claim: that Plaintiffs' conduct was a substantial or motivating factor in their terminations. Finding that Plaintiffs have demonstrated the first element, ***see Hall v. Babb*, 389 F.3d 758 (7th Cir. 2004)(stating that one's chosen level of political activity is protected conduct for a First Amendment violation),** the Court turns to the second element of the prima facie case.

In support of their politically motivated discharge claims, Plaintiffs state that minutes of a meeting of the board of trustees for the Village of Washington Park will demonstrate that Matt, Anglin, Thetford and Simmons were discriminated against based on their association with Sorrell as the board opposed all of Sorrell's appointees.[3] Plaintiffs allege that the minutes will show that the board opposed the appointees based solely on their affiliation with Sorrell. *See* Doc. 38, p. 5-6.

_____

[3]     The Court notes that while Plaintiffs rely on these meeting minutes, they do not submit them as an exhibit in support of their response to Defendants' summary judgment motion. Instead, Defendants submitted the minutes as an exhibit to their reply to their motion for summary judgment. *See* Doc. 41, Exh. B.

However, the Court's review of the minutes reveals that the minutes simply summarize the actions of the board.  Nothing is revealed in the minutes as to the board's motivations or intent behind their actions.  **Cf. Hall, 389 F.3d 758 (7th Cir. 2004)( stating that "[a]lthough the circumstantial evidence on which [plaintiff] wants to rely may raise some eyebrows about the hiring practices used in his case, it is insufficient to create an issue of material fact as to whether political motivation was a substantial or motivating factor in the defendants' decision...").**  While the minutes do show that the board opposed all of Sorrell's appointments, that is all the minutes state. No reason is given for the opposition, and while the opposition to all the appointments "may raise some eyebrows", it is not enough to create a genuine issue of material fact as to whether political motivation was a substantial or motivating factor in Defendants' decisions.  **Cf. Stagman v. Ryan, 176 F.3d 986, 999 (7th Cir.1999)(stating that "[i]n order to show the protected activity was a motivating factor, the 'plaintiff must demonstrate that the defendant knew of the retaliation and knew of the plaintiff's constitutional activities'"); *Kelly v. Mun. Ct. of Marion County, Ind.*, 97 F.3d 902, 911 (7th Cir.1996)(stating that the plaintiff could not "sustain his burden on summary judgment with self-serving declarations based on nothing more than his own speculation").**

Further, the Court notes that Plaintiffs' arguments that their *allegations* are enough to survive summary judgment, again demonstrates their continued misunderstanding of the burden on them.  As the nonmoving parties, to successfully oppose summary judgment, Plaintiffs must present definite, competent evidence in rebuttal.  **Salvadori, 293 F.3d at 996**.  No such evidence exists in the record before the Court.  Plaintiffs have repeatedly failed to submit any evidence – no depositions, interrogatory answers, admissions, affidavits, etc. – in support of their allegations to

show that a genuine issue of material fact exists as to whether or not Plaintiffs' political conduct was a substantial or motivating factor in Defendants' decision to terminate Plaintiffs.  As a result, the Court finds that summary judgment should be granted in favor of Defendants and against Plaintiffs as to all the political retaliatory discharge claims in the amended complaint: Counts Two, Five, Seven and Nine.

**4.  Whether Plaintiffs' amended complaint should be dismissed pursuant to Rule 41(b) for failure to prosecute.**

As the Court has granted summary judgment in favor of Defendants as to all counts remaining in Plaintiffs' amended complaint, the Court need not address whether the complaint should be dismissed pursuant to Rule 41(b) for failure to prosecute.

<u>Conclusion</u>

The Court hereby **GRANTS** Defendants' "Motion for Summary Judgment or in the Alternative to Dismiss for Failure to Prosecute" (Doc. 33) as to all remaining counts in the amended complaint: Counts Two, Three, Five, Seven, Nine and Ten.

Normally at this juncture the Court would direct the Clerk of the Court to enter judgment in favor of Defendants Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt and against Plaintiffs.  However, as this matter is stayed as to the Village of Washington Park, the Court cannot yet enter a judgment herein.  Once the stay is lifted as to the Village of Washington Park and the claims in the original complaint against them proceed through the normal channels, the Court will then enter one judgment as to all Defendants.

Obviously, in light of the Court's decision as to Defendants' motion for summary judgment, this matter will not be proceeding to trial as to Defendants Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt.  Accordingly, the Court **CANCELS** the

jury trial set herein for Monday, May 9, 2005 at 9:00 a.m.

**IT IS SO ORDERED.**

**DATED this 22nd day of April, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**