IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TANYA ANGLIN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **03-846-MJR** |
| ) | |
| **VILLAGE OF WASHINGTON PARK, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Defendant Village of Washington Park[1] is before the Court seeking to stay discovery in this case until after its pending motion to dismiss is decided. **(Doc. 65).** Plaintiff opposes the motion, arguing that defendant's motion to dismiss is going to fail, and that there is little or no prejudice, burden and cost if discovery is permitted– particularly initial disclosures. **(Doc. 69).**

Federal Rule of Civil Procedure 26 gives the Court discretion over the timing, sequence and scope of discovery. Federal Rule of Civil Procedure 1 further prescribes that the Rules be administered to secure the just, speedy and inexpensive determination of every action. Defendants presume their motion to dismiss will be granted; therefore, from their perspective allowing discovery would require unnecessary effort and expense. Plaintiffs contend that little effort and expense would be expended in allowing discovery to begin, implying that the parties would not get much farther than exchanging initial disclosures before U.S. District Judge Michael J. Reagan ruled on the motion to dismiss.

Trial is set for July 24, 2006, and the discovery cutoff is March 9, 2006. This Court has

---

[1] Individual defendants Charles Byrd, James Jones, Willie Rush, Joyce Smith, John Thorton and Leo McNatt joined in the motion, but they have been dismissed.

no way of predicting when the motion to dismiss will be decided.  Although this Court offers no opinion as to the merits of the motion to dismiss, it is noted that the motion is not a jurisdictional attack per se; rather, defendant is asserting the doctrine of claim preclusion based on the fact that the individual defendants have been granted summary judgment.  This Court is not inclined to stay discovery to await resolution of a procedural maneuver, when defendant does not otherwise contest the jurisdiction of the Court, particularly when time is of the essence.

**IT IS THEREFORE ORDERED** that the Village's motion to stay discovery **(Doc. 65)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 31, 2005**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**
