IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TANYA ANGLIN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No.  **03-846-MJR** |
| ) | |
| **VILLAGE OF WASHINGTON PARK, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to: (1) strike the defendant Village of Washington Park's "Preliminary Statement" and "General Objections" contained in October 21, 2005, December 9, 2005, and January 18, 2006, responses to plaintiffs' discovery requests; and (2) compel the defendant Village of Washington Park to respond to Requests 3 and 4 of the plaintiffs' First Supplemental Request for Production, propounded on or about December 17, 2005, and produce specified meeting minutes. **(Doc. 95).**

The defendant Village of Washington Park generally objects to the subject motion, although defendant only addressed Request No. 4, ignoring Request No. 3 entirely.  **(Doc. 99).** Defendant notes that it has responded to Request No. 4, indicating it has no responsive documents relating to executive sessions.  Defendant, taking an admonition in a previous order out of context, also intimates that the issues raised by plaintiffs are waived.

The defendant's  October 21, 2005, December 9, 2005, and January 18, 2006**,** responses to plaintiffs' discovery requests each contain a "Preliminary Statement" and "General Objections", in addition to request-specific responses and/or objections.  The "Preliminary

1

Statement" attempts to retain for defendant the right to later object to relevancy and any further demands for discovery relating to the matters raised in the discovery requests being responded to. A party cannot condition its responses to discovery requests or make-up rules in this manner, and including such canned language in discovery responses will have not altered the parties' respective rights and responsibilities under the Federal Rules of Civil Procedure or Federal Rules of Evidence. Similarly, the defendant includes canned "General Objections" in its discovery responses. General objections are not permitted under the Federal Rules of Civil Procedure. ***See* Fed.R.Civ.P. 33(b) and 34(b).** Therefore, the "Preliminary Statement" and "General Objections" that preface each of defendants' discovery responses are deemed stricken and without effect.

Furthermore, insofar as the defendant Village referenced objections asserted in other documents or motions, those objections are not properly asserted in accordance with Federal Rules of Civil Procedure 33(b) and 34(b) and are therefore deemed stricken and without effect.

Request No. 3 of Plaintiffs' First Supplemental Request for Production seeks the minutes of every meeting of the Village Board of Trustees for the past five years. Request No. 4 seeks the minutes, notes and recordings of any kind for every executive session of the Board of Trustees for the past five years. The defendant Village produced some documents. However, the defendant also objected to producing documents for meetings more than two years before the plaintiffs' employment ended in July 2003[1], and any documentation for meetings that occurred after the plaintiffs' termination. Defendant considered the requests "unduly burdensome, overly

---

[1] There is no indication whether plaintiffs' employment formally ended on July 1 or 31, 2003, so the Court will assume July 31, 2003.

2

broad, harassing, not limited in scope, seeks information which is protected by attorney-client privilege, the work product doctrine and the Illinois Open Meetings Act." **(Doc. 95, Exhibit 7).**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Discovery may be had from any person, provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense. *See* **Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Plaintiffs have prescribed a five year time frame, which would run from January 1, 2001, through December 31, 2005. However, a review of the amended complaint supports the defendant's contention that the relevant time period ends when the plaintiffs employment with the Village ended, which is July 2003. Plaintiffs have not suggested why anything that occurred after that time would be relevant.

The Court construes the defendant's objection as only asserting privilege and/or protection from disclosure for meetings after the plaintiffs stopped working for the Village. However, out of an overabundance of caution the Court offers the following analysis. Insofar as defendant claims protection from disclosure of certain information and documents, Federal Rule of Civil Procedure 26(b)(5) dictates that a party shall make any claim of privilege "expressly and shall describe the nature of the documents . . . in a manner that, without revealing itself

privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The defendant did not submit a privilege log or otherwise elaborate on why the attorney-client privilege or work product are applicable to unspecified meetings or executive meetings. Defendant has also failed to explain the applicability of the Illinois Open Meetings Act.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 95)** is **GRANTED IN PART AND DENIED IN PART**. More specifically:

1. The "Preliminary Statement" and "General Objections" that preface each of defendants' discovery responses are deemed stricken and without effect;

2. Referenced objections asserted in other documents or motions, but not fully set forth in defendant's discovery responses are deemed stricken and without effect;

3. On or before **May 19, 2006**, the defendant Village shall fully comply with Requests 3 and 4 of Plaintiffs' First Supplemental Request for Production, for the period from January 1, 2001, through July, 31, 2003.

Nothing in this order should be construed as reopening and/or extending the discovery period or dispositive motion deadline, which have both passed.

**IT IS SO ORDERED.**

**DATED: May 9, 2006**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**